[Cite as *In re T.H.*, 2025-Ohio-3083.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In the Matter of: | : | |
| [T.H.], | : | No. 25AP-96 |
| | | (C.P.C. No. 24JU-6254) |
| Alleged Delinquent Minor, | : | (REGULAR CALENDAR) |
| Appellant. | : | |

D E C I S I O N

Rendered on August 28, 2025

**On brief:** *Elizabeth R. Miller*, Ohio Public Defender, and *Victoria Ferry*, for appellant.

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, and *Darren M. Burgess*, for appellee State of Ohio.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

LELAND, J.

{¶ 1} Appellant T.H. challenges the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch that sentenced him to confinement with the Ohio Department of Youth Services ("ODYS") until the age of 21.

I. Facts and Procedural History

{¶ 2} On June 11, 2024, the state filed a complaint charging then 17-year-old T.H. with delinquency for allegedly committing the following crimes: one count of aggravated robbery in violation of R.C. 2911.01(A), a felony of the first degree if committed by an adult; one count of tampering with evidence in violation of R.C. 2921.12(A)(1), a felony of the third degree if committed by an adult; and one count of carrying a concealed weapon in violation of R.C. 2923.12(A)(2), a felony of the fourth degree if committed by an adult. On June 12,

2024, the state moved the juvenile court to relinquish its jurisdiction and transfer the case to the Franklin County Court of Common Pleas, General Division to prosecute T.H. as an adult.

{¶ 3}   On December 4, 2024, the juvenile court held a hearing in which the state agreed to withdraw its motion for the court to relinquish jurisdiction in exchange for T.H. pleading guilty to one count of robbery in violation of R.C. 2911.02, a felony of the third degree if committed by an adult.  The parties jointly recommended a sentence range of a minimum of six months to a maximum of T.H. reaching the age of 21, with a consecutive one-year sentence on the gun specification.  The juvenile court, however, rejected the recommended sentence.  The court sentenced T.H. on the robbery charge, committing him to the custody of the ODYS until the age of 21, plus a consecutive sentence of one year for the gun specification.  The court's sentence omitted the six-month minimum that was included in the jointly recommended sentence.  No party objected.  On December 9, 2024, the court filed a written sentencing order that mirrored the oral sentence given at the December 4, 2024 hearing.

{¶ 4}   T.H. timely appealed.

## II.  Assignment of Error

{¶ 5}   T.H. assigns the following error for our review:

> The juvenile court exceeded its statutory authority and violated T.H.'s right to due process when it committed T.H. to the Department of Youth Services for a minimum term that exceeded the minimum term stated in the statute. U.S. Const., amend. V and XIV and Ohio Const., art. I, § 16.

## III.  Discussion

{¶ 6}   According to Ohio law, "[i]f a child is adjudicated a delinquent child for committing an act that would be a felony if committed by an adult, the juvenile court may commit the child to the legal custody of the department of youth services for secure confinement." R.C. 2152.16(A)(1).  If guilty of a crime that would be classified as a felony of the third degree "if committed by an adult," the court may sentence a delinquent child "for an indefinite term consisting of a minimum period of six months and a maximum period not to exceed the child's attainment of twenty-one years of age." R.C. 2152.16(A)(1)(e).  In this case, T.H. was sentenced to ODYS until the age of 21 for

committing robbery in violation of R.C. 2911.02, a crime that would be a felony of the third degree if committed by an adult. All parties agree the trial court erred in failing to include the requisite minimum six-month term of confinement, and all parties agree this case should be remanded in order to comply with R.C. 2152.16(A)(1)(e). We agree, and accordingly, we sustain T.H.'s sole assignment of error.

## IV. Conclusion

{¶ 7}    Having sustained T.H.'s sole assignment of error, we reverse the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch and remand this case to that court for resentencing that includes the six-month minimum term required by R.C. 2152.16(A)(1)(e).

*Judgment reversed*;
*cause remanded.*

DORRIAN and MENTEL, JJ., concur.